| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Diane Weifenbach, Esq. (SBN 162053)<br>LAW OFFICE OF DIANE WEIFENBACH, P.C.<br>5120 E. LaPalma, Suite 209<br>Anaheim, CA 92807<br>Ph: (714) 695-6637<br>Email: diane@attylsi.com | |

☐ *Individual appearing without attorney*
☒ *Attorney for:* Movant

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br><br>KRISTOHER LEE VANOVER AND<br>ANA RAQUEL VANOVER<br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:25-BK-15233-BB<br><br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(PERSONAL PROPERTY)** |
| | DATE: 09/16/2025<br>TIME: 10:00 am<br>COURTROOM: 1539 |

**Movant:** 21st Mortgage Corporation

1. **Hearing Location**:

   ☒ 255 East Temple Street, Los Angeles, CA 90012       ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367   ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (if any)(Responding Parties), their attorneys (if any), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay, as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 1                              **F 4001-1.RFS.PP.MOTION**

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☒  This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file a written response to this motion with the court and serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the hearing and appear at the hearing of this motion.

7.  ☐  This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

    a.  ☐  An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b.  ☐  An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c.  ☐  An application for order setting hearing on shortened notice and remains pending.  After the court has ruled on that application, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:   08/19/2025

                                                Law Office of Diane Weifenbach, P.C.
                                                Printed name of law firm (if applicable)

                                                Diane Weifenbach
                                                Printed name of individual Movant or attorney for Movant


                                                /s/ Diane Weifenbach
                                                Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO PERSONAL PROPERTY

1.   Movant has a perfected security interest in the Property.

2.   **The Property at Issue (Property):**

a.   ☐  Vehicle (*year, manufacturer, type, and model*):

   *Vehicle Identification Number*:
   *Location of vehicle (if known)*:

b.   ☐  Equipment (*manufacturer, type, and characteristics*):

   *Serial number(s)*:

   *Location (if known)*:

c.   ☒  Other Personal Property (*type, identifying information, and location*):
   1998 Champion Manufactured home, Serial Nos. 09988099544A/09988099544B, Label Nos.
   TRA405059/TRA405060, Decal No. LAZ6564, located at 19127 Pioneer Blvd Sp# 7, Artesia, CA 90701

3.   **Bankruptcy Case History:**

a.   ☒  A voluntary bankruptcy petition  ☐ An involuntary bankruptcy petition
   under chapter  ☒ 7  ☐ 11  ☐ 12  ☐ 13  was filed on (*date*)  06/22/2025  .

b.   ☐  An order to convert this case to chapter  ☐ 7  ☐ 11  ☐ 12  ☐ 13  was entered on (*date*) _____.

c.   ☐  Plan was confirmed on (*date*) _____.

4.   **Grounds for Relief from Stay:**

a.   ☒  Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

   (1)  ☐  Movant's interest in the Property is not adequately protected.

      (A)  ☐  Movant's interest in the Property is not protected by an adequate equity cushion.

      (B)  ☐  The fair market value of the Property is declining and payments are not being made to Movant
         sufficient to protect Movant's interest against that decline.

      (C)  ☐  Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's
         obligation to insure the collateral under the terms of Movant's contract with Debtor.

      (D)  ☒  Other (*see attached continuation page*).

   (2)  ☐  The bankruptcy case was filed in bad faith.

      (A)  ☐  Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case
         commencement documents.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                           Page 3                                  **F 4001-1.RFS.PP.MOTION**

*Case No:  2:25-BK-15233-BB*
*Debtors: Kristopher Lee VanOver and Ana Raquel VanOver*
*Continuation page in support of MFR*
*Page 3a*

Further Points and Authorities and Grounds from Relief From Automatic Stay

A. *SECTION 521(a)(2)* **REQUIRES THE DEBTORS TO AFFIRM, REDEEM OR SURRENDER MOVANT'S COLLATERAL**

Debtors indicate in their intention to "Retain the property and continue making payments" regarding the collateral securing Movant's claim.  However, even though Debtors indicate in their intention to Retain the property and continue making payments, Despite the Debtors' stated intention, Movant has not received an executed Reaffirmation Agreement.  Therefore, the Debtors have not properly completed their intention as stated therein.  (*See, Debtor's Statement of Intentions attached as Exhibit "3"*)

Section 521(a)(2) states if an individual debtors' schedule of assets and liabilities include debts which are secured by property of the estate –

"(A) Within thirty days after the date of filing of the petition. Or on or before the date of the meeting of Movants, whichever is earlier, file with the clerk a statement of their intention with respect to the retention or surrender of such property, if applicable, specifying that such property is claimed as exempt, that the debtors intends to redeem such property, or that the debtors intends to reaffirm debts secured by such property; and

(B) within 30 days after the first date set for the meeting of Movants … perform their intention with respect to such property…."

The "ride through" option which was previously common practice in the 9th Circuit is no longer available to Chapter 7 debtors and such practices were/are now eliminated in the 9th Circuit pursuant to the B.A.P. CPA.  (*See, In re Dumont,* 383 BR 481 (9th Cir. 2009).  "The

BAPCPA Amendments effectively overruled *Parker [In re Parker,* 139 F.3d 668 (9th Cir. 1998)] and eliminated the *Parker* 'ride through' option."

As stated in *Dumont*, "Perhaps most telling on this issue is the fact that every available bankruptcy court decision ' has concluded that the fourth option or the 'ride through' option was eliminated by these amendments in BAPCPA  to the Code....the unanimous conclusion of all bankruptcy courts is that 'ride through' has been eliminated and a debtor intending to retain a motor vehicle or other personal property collateral must either redeem under section 722 or reaffirm the debt in accordance with section 524." *(383 BR at 490)*

*The BAPCPA amendments still require debtors to both (i) timely file the statement of intention; and (ii) perform on that stated intention.  Section 521(a)(6)* provides that a debtor cannot retain possession of personal property as to which a creditor has an allowed claim for the purchase price, secured in whole or in part by such personal property, unless the debtors enter into an agreement pursuant to *Section 524(c)* or redeems the property from the security interest. Since the Debtors indicate in their intention is retain the Property, they must therefore execute and return the required Reaffirmation Agreement and be in compliance with *Section 521.*

## B. SECTION 362(h) TERMINATES THE AUTOMATIC STAY IF THE DEBTOR DOES NOT COMPLY WITH SECTION 521(a)

*Section 362(h)* terminates the *Section 362(a)* stay as to personal property securing a claim, whether purchase money or not (and also abandons that property), if an individual debtor does not timely file a statement of intention or indicate in the Statement that he/she either surrender or retain the collateral.

If the Debtors are electing to retain the collateral, they must either redeem or reaffirm. *Section 362(h)* also lifts the stay (and abandons the property) *if the debtor does not timely perform the action specified in the statement of intention.*  The language used in *Section 362(h)(1)(A)*

1  regarding what needs to be in the statement of intention is different from that used in section

2  *521(a)(2)(A). Section 362(h) (1) requires a debtor who retains a vehicle (or other personal*

3  *property) to timely specify his intention to reaffirm or redeem and to timely act thereon.* Debtors'

4  failure to comply results in the lifting of the *Section 362(a)*) stay.  (*See In re: Dumont*, supra)

5

6          Due to the Debtors' failure to comply with the Bankruptcy Code upon termination of the

7  automatic stay, Movant may exercise its rights and remedies under its contract.

8          For the foregoing reasons, and based upon the evidence set forth in this Motion, further

9  cause exists to grant Movant relief from the automatic stay to allow Movant to enforce its rights and

10 remedies under applicable law.

11         Movant may attempt to purse the collection of its debt and/or its personal property collateral

12 in the State Court unless the Reaffirmation Agreement is filed and approved by the Bankruptcy

13 Court, or Debtors perform surrender or redeem.

14

15

16                                          *****

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR RELIEF FROM AUTOMATIC STAY – CONTINUATION PAGE
Page 3

(B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

(C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

(D) ☐ Other bankruptcy cases were filed in which an interest in the Property was asserted.

(E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

(3) ☐ (*Chapter 12 or 13 cases only*) All payments on account of the Property are being made through the plan and plan payments have not been made to the chapter 12 or chapter 13 trustee for payments due ☐ postpetition preconfirmation   ☐ postpetition postconfirmation.

(4) ☐ The lease has matured, been rejected or deemed rejected by operation of law.

(5) ☐ The Debtor filed a statement of intention that indicates the Debtor intends to surrender the Property.

(6) ☐ Movant regained possession of the Property on (*date*) _____, which is
☐ prepetition ☐ postpetition.

(7) ☐ For other cause for relief from stay, see attached continuation page.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to 11 U.S.C. § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

5. **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew that the bankruptcy petition had been filed and Movant would have been entitled to relief from stay to proceed with those actions,

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions,

c. ☐ Other (*specify*):


6. ☐ **Evidence in Support of Motion:** *(Declaration(s) must be signed under penalty of perjury and attached to this motion)*

a. The PERSONAL PROPERTY DECLARATION on page 6 of this motion.

b. ☐ Supplemental declaration(s).

c. ☒ The statements made by the Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in the Debtor's case commencement documents. Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit(s) _3_____.

d. ☐ Other:


7. **An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                   Page 4                                   **F 4001-1.RFS.PP.MOTION**

**Movant requests the following relief:**

1.  Relief from the stay is granted under:  ☒ 11 U.S.C. § 362(d)(1)  ☐ 11 U.S.C. § 362(d)(2)

2.  ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to repossess and sell the Property.

3.  ☐ Confirmation that there is no stay in effect.

4.  ☐ The stay is annulled retroactive to the petition date.  Any postpetition actions taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5.  ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6.  ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7.  ☐ The order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

8.  ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

9.  ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days, so that no further stay shall arise in that case as to the Property.

10. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be
    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ If relief from stay is not granted, the court orders adequate protection.

12. ☒ See continuation page for other relief requested

Date:  08/19/2025

Law Office of Diane Weifenbach, P.C.
Print name of law firm

Diane Weifenbach
Print name of individual Movant or attorney for Movant

/s/ Diane Weifenbach
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                  Page 5                            F 4001-1.RFS.PP.MOTION

1
2
3

*Case No: 2:25-BK-15233-BB*
*Debtor: Kristopher Lee VanOver and Ana Raquel VanOver*
*Continuation Page in Support of MFR*
*Page 5(a)*

4

5

Movant requests the following additional relief:

6

13.  Movant requests reimbursement of its attorney's fees and costs incurred herein which

7

reimbursement is provided for in Movant's Purchase Contract.

8

14.  For such other and further relief as the Court may deem just and proper.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PERSONAL PROPERTY DECLARATION

I, (*name of declarant*) Josh Williamson_____, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the Property (*specify*):

   a. ☐ I am the Movant.

   b. ☒ I am employed by Movant as (*title and capacity*): Legal Specialist

   c. ☐ Other (*specify*):

2. a. ☒ I am one of the custodians of the books, records and files of Movant that pertain to loans, leases, or extensions of credit given to Debtor concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐ Other (see attached):

3. The Property is:

   a. ☐ Vehicle (*year, manufacturer, type, model and year*):

      *Vehicle Identification Number*:
      *Location of vehicle (if known)*:

   b. ☐ Equipment (*manufacturer, type, and characteristics*):

      *Serial number(s)*:
      *Location (if known)*:

   c. ☒ Other personal property (*type, identifying information, and location*):

      1998 Champion Manufactured home, Serial Nos. 09988099544A/09988099544B, Label Nos. TRA405059/TRA405060, Decal No. LAZ6564, located at 19127 Pioneer Blvd Sp# 7, Artesia, CA 90701

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                           Page 6                           **F 4001-1.RFS.PP.MOTION**

4.  The nature of Debtor's interest in the Property is:

    a.  ☒  Sole owner

    b.  ☐  Co-owner (*specify*):

    c.  ☐  Lessee

    d.  ☐  Other (*specify*):

    e.  ☒  Debtor  ☒ did  ☐ did not   list the Property in the schedules filed in this case.

5.  ☐  The lease matured or was rejected on (*date*) _____:

    a.  ☐  rejected

       (1)  ☐  by operation of law.

       (2)  ☐  by order of the court.

    b.  ☐  matured.

6.  Movant has a perfected security interest in the Property.

    a.  ☒  A true and correct copy of the promissory note or other document that evidences the debt owed by the Debtor to Movant is attached as Exhibit _1_____.

    b.  ☒  The Property is a motor vehicle, boat, or other personal property for which a certificate of title is provided for by state law.  True and correct copies of the following items are attached to this motion:

       (1)  ☒  Certificate of title ("pink slip") (Exhibit _2_____).

       (2)  ☐  Vehicle or other lease agreement (Exhibit _____).

       (3)  ☒  Security agreement (Exhibit _1_____).

       (4)  ☐  Other evidence of a security interest (Exhibit _____).

    c.  ☐  The Property is equipment, intangibles, or other personal property for which a certificate of title is not provided for by state law.  True and correct copies of the following items are attached to this motion:

       (1)  ☐  Security agreement (Exhibit _____).

       (2)  ☐  UCC-1 financing statement (Exhibit _____).

       (3)  ☐  UCC financing statement search results (Exhibit _____).

       (4)  ☐  Recorded or filed leases (Exhibit _____).

       (5)  ☐  Other evidence of perfection of a security interest (Exhibit _____).

    d.  ☐  The Property is consumer goods.  True and correct copies of the following items are attached to this motion:

       (1)  ☐  Credit application (Exhibit _____).

       (2)  ☐  Purchase agreement (Exhibit _____).

       (3)  ☐  Account statement showing payments made and balance due (Exhibit _____).

       (4)  ☐  Other evidence of perfection of a security interest (*if necessary under state law*) (Exhibit _____).

    e.  ☐  Other liens against the Property are attached as Exhibit _____.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014    Page 7    **F 4001-1.RFS.PP.MOTION**

7.  Status of Movant's debt:

   a.  The amount of the monthly payment: $ 1,565.12 .

   b.  Number of payments that became due and were not tendered:  ☐ prepetition  ☐ postpetition.

   c.  Total amount in arrears: $ _____ .

   d.  Last payment received on (*date*): 08/15/2025 .

   e.  Future payments due by the anticipated hearing date (*if applicable*): 09/15/2025
      An additional payment of $ 1,565.12 will come due on (*date*) 09/15/2025 , and on
      the 15th day of each month thereafter.  If the payment is not received by the _____
      day of the month, a late charge of $ _____ will be charged under the terms of the loan.

8.  ☐  Attached as Exhibit _____ is a true and correct copy of a POSTPETITION payment history that accurately
    reflects the dates and amounts of all payments made by the Debtor since the petition date.

9.  Amount of Movant's debt:

   a.  Principal:.....................................................................................................  $ 154,374.42
   b.  Accrued interest: .........................................................................................  $ 1,189.97
   c.  Costs (attorney's fees, late charges, other costs):..................................................  $ 0.00
   d.  Advances (property taxes, insurance): .....................................................................  $ 0.00
   e.  TOTAL CLAIM as of 09/15/2025 :......................................................................  $ 155,564.39

10. ☒  (*Chapter 7 and 11 cases only*) Valuation: The fair market value of the Property is: $ 250,000.00 .
    This valuation is based upon the following supporting evidence:

   a.  ☐  This is the value stated for property of this year, make, model, and general features in the reference guide
       most commonly used source for valuation data used by Movant in the ordinary course of its business for
       determining the value of this type of property.  True and correct copies of the relevant excerpts of the most
       recent edition of the reference guide are attached as Exhibit _____.

   b.  ☐  This is the value determined by an appraisal or other expert evaluation.  True and correct copies of the
       expert's report and/or declaration are attached as Exhibit _____.

   c.  ☒  The Debtor's admissions in the Debtor's schedules filed in the case.  True and correct copies of the relevant
       portions of the Debtor's schedules are attached as Exhibit 4 .

   d.  ☐  Other basis for valuation (*specify*):

   ┌─────────────────────────────────────────────────────────────────────────────────────┐
   │ **NOTE:**  If valuation is contested, supplemental declarations providing additional foundation for the │
   │           opinions of value should be submitted.                                        │
   └─────────────────────────────────────────────────────────────────────────────────────┘

11. Calculation of equity in Property:

   a.  ☐  **11 U.S.C. § 362(d)(1) - Equity Cushion:**

       I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s)
       senior to Movant's debt is $ _____ and is _____% of the fair market value of the
       Property.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                              Page 8                              **F 4001-1.RFS.PP.MOTION**

b. ☐ **11 U.S.C. § 362(d)(2)(A) - Equity**:

By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 10 above, I calculate that the Debtor's equity in the Property is $ _____.

12. ☐ The fair market value of the Property is declining because:

13. ☐ The Debtor's intent is to surrender the Property.  A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

14. ☐ Movant regained possession of the Property on (*date*) _____, which is:  ☐ prepetition.  ☐ postpetition.

15. ☐ (*Chapter 12 or 13 cases only*) Status of Movant's debt and other bankruptcy case information:

a. The 341(a) meeting of creditors is currently scheduled for (or concluded on) (*date*) _____
A plan confirmation hearing is currently scheduled for (or concluded on) (*date*) _____
The plan was confirmed on (*if applicable*) (*date*) _____

b. Postpetition <u>preconfirmation</u> payments due BUT REMAINING UNPAID after the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c. <u>Postconfirmation</u> payments due BUT REMAINING UNPAID after the plan confirmation date (*if applicable*):

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d. Postpetition advances or other charges due but unpaid:    $
(*For details of type and amount, see Exhibit _____*)

e. Attorneys' fees and costs:    $
(*For details of type and amount, see Exhibit _____*)

f. Less suspense account or partial paid balance:    $ [       ]

TOTAL POSTPETITION DELINQUENCY:    $

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                   Page 9                                   **F 4001-1.RFS.PP.MOTION**

g. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. The plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

16. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with Debtor.

17. ☐ The bankruptcy case was filed in bad faith:

a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

d. ☐ Other (*specify*):


18. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

b. ☐ Multiple bankruptcy cases affecting the Property:

(1) Case name: _____
     Chapter: _____    Case number: _____
     Date filed: _____    Date discharged: _____    Date dismissed: _____
     Relief from stay regarding the Property ☐ was  ☐ was not  granted.

(2) Case name: _____
     Chapter: _____    Case number: _____
     Date filed: _____    Date discharged: _____    Date dismissed: _____
     Relief from stay regarding the Property ☐ was  ☐ was not  granted.

(3) Case name: _____
     Chapter: _____    Case number: _____
     Date filed: _____    Date discharged: _____    Date dismissed: _____
     Relief from stay regarding the Property ☐ was  ☐ was not  granted.

☐ See attached continuation page for more information about other bankruptcy cases affecting the Property.

☐ See attached continuation page for additional facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

b. ☐  Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed
with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐  For other facts justifying annulment, see attached continuation page.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


 08/20/25          Josh Williamson
_____    _____    _____
*Date*                  *Printed Name*                                      *Signature*

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 11                                    **F 4001-1.RFS.PP.MOTION**

EXHIBIT "1"

**CONSUMER LOAN NOTE, SECURITY AGREEMENT AND DISCLOSURE STATEMENT**
**Do not close before 5/10/2022**

| LENDER: 21st Mortgage Corp. 620 Market St. Suite 100 Knoxville, TN 37902     NMLS No. 2280 |
|---|
| Reference No: 2859910-0 |

| Borrower's Name: | Kristopher Leevan Over | Co-Borrower's Name: | Ana Raquel Vanover |
|---|---|---|---|
| Borrower's Address: | 15015 Sherman Way #110 | Co-Borrower's Address: | 15015 Sherman Way #110 |
| | VAN NUYS, CA 91405 | | VAN NUYS, CA 91405 |

In this Consumer Loan Note ("Note"), "Borrower" refers to all persons who sign this Note as "Borrower" and "Co-Borrower", jointly and severally. "Lender" refers to 21st Mortgage Corporation ("21st Mortgage"), and its successors and assigns. Other capitalized terms are defined in the disclosures on this page and in the section of this Note titled, "Itemization of Amount Financed." Borrower promises to advise Lender in writing of any change of Borrower's mailing address while this Note is in effect. Lender should send any papers or notices concerning this Note to Borrower's mailing address. On the date of this Note, Borrower finances with Lender the manufactured home described below, together with the related services, furnishings, equipment, appliances and accessories included with the manufactured home (collectively, "Manufactured Home").

**Description of Manufactured Home:** ☐ New    ☒ Used

| MANUFACTURER: CHAMPION | YEAR: 1998 | APPROX. LENGTH: 60 | APPROX. WIDTH: 23 |
|---|---|---|---|
| SERIAL NO. | 09988099544A | SERIAL NO. | 09988099544B |
| SERIAL NO. | | SERIAL NO. | |
| SERIAL NO. | | SERIAL NO. | |

**PROMISE TO PAY:** Borrower promises to pay Lender the "Loan Amount" as listed under the "Itemization of Amount Financed" plus interest. When Borrower signs this Note, borrower will also pay Lender any "Prepaid Finance Charge" shown in the "Itemization of Amount Financed." Borrower authorizes Lender to include the Prepaid Finance Charges in the Loan Amount. Lender will compute and charge interest on the unpaid amount of the Loan Amount from the Note date at the yearly rate of **9.25%** (the "Note Rate"). When Lender calculates interest, every year shall have 360 days and every month shall have 30 days. Borrower promises to pay interest at the Note Rate on the unpaid amount of the Loan Amount of this Note until it is paid in full. Interest after the final scheduled maturity date on this Note, however, shall not exceed the maximum rate allowed by state law.

**Borrower's Payment Schedule will be:**

| Number of Payments | Amount of Payments | When Payments Are Due | Scheduled Maturity Date |
|---|---|---|---|
| 300 | $1,375.33 | Monthly, beginning 6/15/2022 | 5/15/2047 |

BORROWER FURTHER PROMISES to pay Lender monthly payments in the number and amounts of payments shown in Borrower's Payment Schedule. Borrower's first payment will be due on the first date shown in Borrower's Payment Schedule, and subsequent payments will be due on the same day of each month after that.

LENDER WILL APPLY EACH PAYMENT RECEIVED AS OF ITS SCHEDULED DUE DATE. If on the final scheduled payment due date, Borrower still owes amounts under this Note, Borrower will pay those amounts in full on that date (the "Maturity Date"). Borrower will make all payments to 21st Mortgage Corp., 620 Market St. Suite 100, Knoxville, Tennessee 37902, or any other address to which Lender directs Borrower to send Borrower's payments.

Borrower's Initials _____    Co-Borrower's Initials _____

EXHIBIT "1"

**TRUTH IN LENDING DISCLOSURES**

| ANNUAL PERCENTAGE RATE<br>The cost of Borrower's credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost Borrower. | Amount Financed<br>The amount of credit provided to Borrower or on Borrower's behalf. | Total of Payments<br>The amount Borrower will have paid should Borrower make all payments as scheduled. |
|---|---|---|---|
| 9.825% | $259,174.00 | $153,425.00 | $412,599.00 |

**INTEREST RATE AND PAYMENT SUMMARY**

|  | Rate & Monthly Payment |
|---|---|
| Interest Rate | 9.250% |
| Principal + Interest Payment | $1,375.33 |
| Est. Taxes + Insurance (Escrow) | $230.50 |
| Total Est. Monthly Payment | $1,605.83 |

**Security:** Borrower gives Lender a security interest in:

☒ The Manufactured Home, which will be located at 19127 Pioneer Blvd #7, Artesia, CA 90701

**Late Charge:** If a payment is more than 15 days late, Borrower will be charged 5% of the amount of the past due installment. Other references in this Note to the "Late Charge" refer to the amount shown in the Delinquency and Default Section below.

**Prepayment:** If Borrower pays off early, Borrower will not have to pay a penalty.

**Assumption:** Someone buying the Manufactured Home may not be allowed to assume the remainder of the Borrower's obligations under this Note on the original terms.

**Other Information:** Refer to the rest of this Note for additional information about nonpayment, default, any required payment in full before the scheduled date and prepayment refunds and penalties.

**MDIA Refinancing Warning:** There is no guarantee that Borrower will be able to refinance the loan to obtain a lower interest rate and/or payment.

**SECURITY INTEREST:** To secure payment of all sums due or which become due under this Note, and Borrower's performance of all other terms of the Note, Borrower grants Lender a first priority security interest in (1) the Manufactured Home, and all accessions, attachments, accessories, replacements and additions to the Manufactured Home, whether added now or later; (2) the "Property" described in any mortgage or deed of trust Borrower gives to Lender; (3) Borrower's rights to refunds of premiums for and payments under, and proceeds of any insurance or any extended warranty or service contract purchased with the proceeds of this Note; (4) any amounts held in escrow by Lender for Borrower; and, (5) proceeds and products of all of the foregoing (collectively, the "Collateral"). Lender's security interest shall remain in effect until Borrower pays, in full, all amounts due under the Note. Despite any other provision of the Note, however, Lender is not granted, and does not have, a non-purchase money security interest in household goods, to the extent such a security interest is prohibited by applicable law. Borrower will pay any filing or recording fees necessary for Lender to obtain and hold a first priority security interest. To the extent allowed by law, Borrower also agrees to pay any release, discharge or termination fees, after the Borrower pays the Note in full. Borrower agrees to execute any application for certificate of title or ownership, financing statement or other document necessary to perfect Lender's security interest in the Manufactured Home. Borrower authorizes Lender to sign Borrower's name to any financing statement or application or other document necessary to perfect the security interest granted by Borrower herein. If Lender is taking a security interest in real property, such interest is reflected in a mortgage or deed of trust signed in conjunction with this Note.

Borrower's Initials _____    Co-Borrower's Initials _____

**ITEMIZATION OF AMOUNT FINANCED:**

| | |
|---|---|
| 1. Cash Price | |
|   a. Manufactured Home** | $220,000.00 |
|   b. Sales Tax | |
|   c. Total Cash Price (1a plus 1b) | $220,000.00 |
| 2. Down Payment | |
|   a. Cash Down Payment | $69,000.00 |
|   b. Net Trade-In Allowance | |
|     Trade-in: | |
|     Length: Width: | |
|     Liens: | |
|   c. Other Credits: | |
|   d. Total Down Payment (2a plus 2b plus 2c) | $69,000.00 |
| 3. Unpaid Cash Price for Purchase or Refinance | |
|   a. Unpaid Portion of Cash Price (1c minus 2d) OR | $151,000.00 |
|   b. For a Refinanced Loan, Amount Paid to Others | |
| 4. Amounts paid to others on Borrower's behalf | |
|   a. Financed | |
|     i. Flood Determination/Monitoring Fee | $8.00 |
|     ii. Homeowner's Insurance Premium | $1,482.00 |
|     iii. HCD Fees | $160.00 |
|     iv. Escrow Fees | $775.00 |
|   b. Paid in Cash | |
| 5. Prepaid Finance Charges (includes items paid to third parties; items may be financed in part and paid in cash in part) | |
|   a. Financed | |
|     i. Origination Points/Fee | $1,510.00 |
|     ii. Broker Points/Fee | $5,662.50 |
|   b. Paid in Cash | |
| 6. Loan Amount (3 + 4a + 5a - Seller Credit of $0.00 - Lender Credit of $0.00) | $160,597.50 |
| 7. Prepaid Finance Charges (total of all items in 5) | $7,172.50 |
| 8. Amount Financed (6 minus 7) | $153,425.00 |
|   ** Lender may retain, or receive, a portion of these amounts | |
| Security interest termination, release, discharge or satisfaction fees paid upon termination will vary based upon applicable law. This fee is not paid by Borrower at closing. | |

THIS SPACE LEFT INTENTIONALLY BLANK

Borrower's Initials ____    Co-Borrower's Initials ____

**PROPERTY INSURANCE**

**PROPERTY INSURANCE ON THE MANUFACTURED HOME IS REQUIRED FOR THE TERM OF THIS NOTE. BORROWER HAS THE RIGHT TO OBTAIN SUCH INSURANCE FROM ANYONE AUTHORIZED BY LAW TO SELL IT AND IS REASONABLY ACCEPTABLE TO LENDER.** Borrower elects to finance through Lender the below listed property insurance of the specified type, term and premium.

| Hazard Insurance Provider | Term | Premium |
|---|---|---|
| 21st Insurance | 12 MONTHS | $1,482.00 |

\* A separate flood or wind insurance policy may or may not be reflected in the information above or financed as part of the loan. Borrower should refer to the appropriate insurance policy documents for more details.

Borrower's signature below indicates Borrower's election to finance the above listed property insurance for the type, term and premium shown.

X _____   5/10/2022        X _____   5/10/2022
Kristopher Leevan Over         Date              Ana Raquel Vanover          Date

**PROPERTY INSURANCE:** Borrower is required to insure the Manufactured Home against physical damage, including loss by fire, hazards included within the term "extended coverage," and any other hazards for which Lender requires insurance, for the term of the Note at Borrower's expense. If Borrower financed the premium, the premium is financed over the term of the Note, even though the term of insurance is less than the Note term. The Borrower must obtain the types and amounts of insurance coverage required by Lender, including flood insurance if applicable. The insurance policy must contain a loss payable clause protecting Lender (as Lender's interest may appear), and provide for at least a 10 day notice of cancellation to Lender. Borrower agrees to provide written proof of such coverage to Lender within 5 days of Lender's request. BORROWER HAS THE RIGHT TO CHOOSE THE ENTITY THROUGH WHICH THE PROPERTY INSURANCE IS OBTAINED. Lender reserves the right to refuse to accept, for reasonable cause, an insurer chosen by the Borrower. If Borrower's insurance coverage expires or is canceled prior to payment in full of this Note, Borrower must obtain coverage in the amounts, types, and for the periods that Lender requires at Borrower's expense for the remaining term of the Note. Lender's property insurance coverage requirements can change during the term of the Note. Should Borrower fail to provide or maintain property insurance or fail to provide Lender with satisfactory evidence of coverage, or should the property insurance, for any reason, not protect Lender's interests, Lender, in its sole discretion, may obtain property insurance that meets its requirements, but is under no legal obligation to do so. Before obtaining insurance in these circumstances, Lender will, in good faith, attempt to inform Borrower in writing of the need for Borrower to obtain property insurance and/or to provide evidence thereof. If obtained by Lender, Lender will add the cost of the insurance to the amount due under the Note. That amount will become due and payable upon demand by the Lender, in payments added to Borrower's scheduled payments, or as otherwise required by Lender. Lender may charge Borrower interest on such cost at the Note Rate, unless prohibited by applicable law. The property insurance obtained by Lender may have material differences from insurance initially financed under the Note or from insurance obtained by the Borrower initially or at any time during the term of the Note. Such insurance may be significantly more expensive to Borrower than if Borrower obtained the insurance. **Consequently, Lender makes the following disclosures to Borrower: (a) The property insurance that Lender obtains is intended solely to protect the Lender's interest hereunder, and Lender may not obtain coverages beyond those to insure**

PARAGRAPH CONTINUED ON THE NEXT PAGE

Borrower's Initials _____    Co-Borrower's Initials _____

loss of or damage to the Manufactured Home; in particular, such insurance may not provide coverage for personal effects, adjacent structures, medical expenses or personal liability; additionally, such coverage may not insure the Manufactured Home in an amount equal to the Loan Amount due under this Note and, consequently, in the event of loss or damage, the insurance may not pay the full amount of the Loan Amount of the Note; (b) If Lender obtains this insurance due to Borrower default, Borrower acknowledges and agrees that Lender has no duty to obtain insurance on behalf of Borrower which is the least expensive, or which has a competitive marketplace premium or any other particular feature or special benefit; (c) Lender or its affiliates may be reimbursed for expenses and may profit from taking action to cure Borrower's default by providing and maintaining such insurance; (d) Borrower's execution of this Note authorizes Lender to provide third parties with any information necessary to obtain insurance on the Manufactured Home and monitor the status of such insurance; and (e) Borrower may, as stated above, at any time, including after Lender obtains property insurance on Borrower's behalf, obtain insurance through an agent or insurer of Borrower's choice. Upon so doing, Borrower may provide Lender with sufficient evidence of insurance coverage, at which time, Lender will cancel the insurance coverage it obtained on Borrower's behalf, obtain any refund due on the unearned portion of the premium, and apply the refund to the Loan Amount of the Note.** Property insurance proceeds (whether such insurance has been obtained by Borrower or Lender) shall be applied to the restoration or repair of the Manufactured Home, if it is economically feasible and does not lessen the Lender's security interest in the Manufactured Home. If this is not the case, or if the insurer determines that the Manufactured Home represents a total loss under the coverage, Lender will apply such insurance proceeds to reduce all amounts owing under this Note, whether or not such amounts are due and payable. Borrower authorizes Lender to (a) adjust or settle Borrower's claim for loss under such insurance; (b) sign Borrower's name to any check, draft or other documents necessary to obtain such insurance proceeds; and (c) hold such insurance proceeds until Lender has the opportunity to inspect the Manufactured Home and ensure that work to restore or repair the Manufactured Home is completed to Lender's satisfaction, without incurring an obligation to pay Borrower earnings or interest on such proceeds. Lender may disburse proceeds in a single payment or a series of payments and Borrower authorizes any insurer to make such payment directly to Lender. If insurance proceeds paid to Lender do not satisfy all amounts Borrower owes to Lender under this Note, Borrower is responsible for paying the balance.

**BORROWER'S RIGHT TO PREPAY: BORROWER MAY PREPAY ANY AMOUNTS DUE UNDER THIS NOTE AT ANY TIME WITHOUT PENALTY.** A Principal only payment is known as a "Prepayment." Lender will not treat a payment as a Prepayment unless Borrower previously made all monthly payments of principal and interest and fully paid and satisfied all other obligations due under this Note. If Borrower meets these conditions, Borrower may make a Prepayment by sending such Prepayment in accordance with the instructions provided by Lender in a monthly billing statement, or payment coupon, or otherwise as directed by Lender. Borrower may make a full Prepayment or partial Prepayments without paying a Prepayment charge. If Borrower (1) prepays this Note in full, or (2) defaults and fails to cure the default and Lender demands payment of the entire balance due on this Note, no portion of any Prepaid Finance Charge will be refunded. All Prepaid Finance Charges are earned at the time this Note is made.

**ESCROW ITEMS:** To the extent permitted by law, Lender may, at Lender's option, require Borrower to make payments in addition to those set forth in Borrower's Payment Schedule ("Escrow Payments") which Lender will collect and hold for (1) the payment of property insurance premiums required under this Note, (2) the payment of taxes and assessments, and (3) other items which might attain priority over Lender's security interest (each, an "Escrow Item"). Lender will use Borrower's Escrow Payments to pay Escrow Items as they come due. **THE BORROWER'S PAYMENT SCHEDULE IN THIS NOTE DOES NOT INCLUDE ANY AMOUNT TO BE PAID UNDER ANY SUCH ESCROW ACCOUNT.**

Borrower's Initials _____   Co-Borrower's Initials _____

**SERVICING CHARGES:** Borrower agrees to pay all reasonable charges for Lender's performance of additional services requested by Borrower in connection with the servicing of this Note, to the extent permitted by applicable law.

**ADVANCES TO PROTECT THE COLLATERAL:** If Borrower fails to pay for required insurance, if Borrower fails to pay park or lot rent (and any other related charges), if Borrower fails to satisfy taxes, assessments, or other liens or encumbrances against the Manufactured Home, if Borrower fails to keep the Manufactured Home in good repair or if Borrower fails to make any other payments required by this Note or applicable law, Lender may (but is not required to) make such repairs or payments as Lender chooses. Lender will add any and all such payments and any amounts Lender pays to protect or enforce Lender's security interest to the amount Borrower owes Lender under this Note, and all such amounts will be secured by the Collateral. At Lender's sole option, Lender may (1) demand that Borrower repay these amounts immediately, or (2) add these amounts to Borrower's regularly scheduled payments, or (3) add these amounts as additional installments due, or (4) add these amounts to the final installment due on this Note. Unless prohibited by law, Borrower agrees to pay interest at the Note Rate on any amounts that Borrower does not repay immediately.

**DELINQUENCY AND DEFAULT:** Time is of the essence. If a payment is more than 15 days late, Borrower will be charged 5% of the amount of the past due installment. If any check, negotiable instrument of withdrawal, electronic payment draft or any other instrument is dishonored by Borrower's financial institution, Borrower will pay a fee of $15.00, in addition to being required to make payment on the item. Borrower will be in default under this Note if: (1) Borrower fails to make any payment when due; (2) Borrower otherwise fails to perform any of Borrower's obligations under this Note or under any mortgage or deed of trust which secures this Note; (3) Borrower dies or becomes legally unable to manage Borrower's affairs; (4) any statement of fact, representation or warranty Borrower makes to Lender in Borrower's application for credit, any other document submitted to the Lender or signed by Borrower in connection with this Note, or in any Note document is false, misleading, inaccurate, or incomplete; or (5) Borrower files a petition in bankruptcy, or a party files a petition in bankruptcy against Borrower. In the event of Borrower's default, Lender will give Borrower notice of the default and right to cure the default ("Notice of Default"). Borrower is not entitled to a Notice of Default if Borrower abandons or voluntarily surrenders the Manufactured Home. If Borrower does not cure the default within 45 days after the postmarked date of the Notice of Default, or if a Notice of Default is not required to be sent, Lender may (1) accelerate the maturity of the debt and require Borrower to pay Lender the entire remaining balance and all other amounts due under the Note, (2) require Borrower to make the Manufactured Home available to Lender, (3) take legal action against Borrower, (4) foreclose upon and repossess the Manufactured Home, (5) enforce such rights and remedies available to Lender under the Uniform Commercial Code and other applicable law, and (6) foreclose on the real property, if applicable. Lender, at its sole option, may elect to sever and remove the Manufactured Home from any real property where it is located, regardless of whether the real property secures this Note. In the event of default, Borrower also agrees to pay Lender's expenses for (a) reasonable attorney's fees not to exceed 15% of Borrower's Loan Amount after referral to an attorney who is not a salaried employee of the Lender; (b) court costs and disbursements; and (c) costs of foreclosing upon and repossessing the Manufactured Home including the costs of storage, reconditioning, and resale. Before Lender sells the Manufactured Home, Borrower can get the Manufactured Home back if Borrower either (1) pays off the Note by paying Lender the entire remaining balance and all other amounts due under the Note (redeem), or (2) cures the default by paying Lender the amounts which are past due, including late charges (reinstate). Regardless of whether Borrower redeems or reinstates, and before Lender can get the Manufactured Home back, Borrower must also (1) pay Lender the cost of taking, storing and redelivering the Manufactured Home and other expenses Lender incurs; (2) pay Lender all other charges and other expenses provided for under this Note; (3) pay any amounts

PARAGRAPH CONTINUED ON THE NEXT PAGE

Borrower's Initials _____   Co-Borrower's Initials _____.

advanced by Lender to protect the Collateral, without regard to any agreement to repay such amounts advanced on a periodic basis, including but not limited to unpaid insurance premiums, park or lot rent, taxes, assessments or similar items; and (4) cure any other defaults. Borrower's rights to redeem and/or reinstate end upon sale of the Manufactured Home unless otherwise required by law. All rights and remedies under this Note and any mortgage or deed of trust executed herewith are cumulative, but Borrower's right to a written notice of default and 45 days to cure, as set forth in this Note, shall not be affected by any inconsistent provision of any mortgage or deed of trust. Any personal property of Borrower's located in or attached to the Manufactured Home and not subject to Lender's security interest may be held by Lender without liability if the Lender repossesses the Manufactured Home. Borrower will be deemed to have waived any claim to such personal property unless written demand by certified mail is made upon Lender within twenty-five (25) days after repossession. If Borrower fails to give Lender such written demand, Lender may dispose of such personal property.

**INFORMATION SHARING:** Lender may investigate Borrower's credit history and credit capacity in connection with establishing, modifying, extending, and/or enforcing Borrower's account. Lender may report information about Borrower's account to credit bureaus. Late payments, missed payments, or other defaults on Borrower's account may be reflected in Borrower's credit report. Lender may also verify Borrower's employment, income, assets, and debts; and anyone receiving a copy of this Note is hereby authorized to release such information to Lender. Borrower authorizes Lender to release to third parties any information necessary to monitor the status of insurance on Borrower's Manufactured Home, and to obtain the insurance described in this Note. If Borrower's Manufactured Home is on rented property or property that is not owned by Borrower, Borrower authorizes Lender and Borrower's landlord (or the property owner) to exchange information as to Borrowers obligations to Lender under this Note and the status of such obligations, information relating to Lender's security interest in Borrower's Manufactured Home, and information regarding the lease or arrangement between Borrower and landlord (or the property owner), as well as the obligations and status of such obligations to landlord (or the property owner). Whether or not the Borrower rents the Manufactured Home to a party in accordance with the terms of this Note, Borrower authorizes Lender and Borrower's renter to exchange information as to Lender's security interest in Borrower's Manufactured Home and the rental agreement or arrangement, as well as to the obligations, and the status of such obligations of Borrower to Lender under this Note. This provision also applies to any Co-Signer who executes this Note.

**OTHER TERMS AND CONDITIONS:** Borrower will not move the Manufactured Home without Lender's prior written consent. Borrower will not sell the Manufactured Home without Lender's prior written consent. Borrower agrees that the Manufactured Home is, and shall remain, during the term of this Note, personal property. Unless Lender gives prior written consent, Borrower shall not allow the Manufactured Home to become a part of real estate or to lose its status as personal property under applicable law. Borrower will not encumber or abandon the Manufactured Home, nor allow any lot lien, landlord lien, or similar lien, which may by law be superior to Lender's security interest, to encumber the Manufactured Home. Borrower will not use the Manufactured Home for illegal activity. Borrower will not use the Manufactured Home for business or hire, or rent it to another party, without obtaining Lender's prior written consent. Borrower will pay promptly all taxes, assessments, and any liens and encumbrances on the Manufactured Home. Borrower will notify Lender promptly of any loss or damage to the Manufactured Home, as well as any condemnation, confiscation or theft of the Manufactured Home. Upon Lender's request, Borrower will promptly provide Lender with proof satisfactory to Lender that: (1) Borrower has the insurance required under this Note; (2) Borrower has paid all taxes assessed against the Manufactured Home; (3) Borrower has paid all park or lot rent (and any other related charges) due; (4) Lender holds the only lien against the Manufactured Home; (5) the Manufactured Home is in good condition and repair; and (6) Borrower has complied with all of the promises Borrower made in this Note. Lender may inspect the Manufactured

PARAGRAPH CONTINUED ON THE NEXT PAGE

**Borrower's Initials** _____    **Co-Borrower's Initials** _____

Home at any time. If Borrower is married, and residing in a community property state, both Borrower's community property and separate property are liable for all payments under this Note. Borrower waives all marital rights, homestead exemption and other exemptions relating to the Collateral. Borrower will cooperate with Lender regarding any requests after closing to correct any errors with respect to this Note or the transaction and agrees to provide any and all additional documentation deemed necessary by Lender to complete this transaction. Lender may rely on a telecopy, photocopy, or electronically imaged copy of this Note as if it were an original, including use in legal proceedings or arbitrations. Borrower acknowledges that any broker or other third party used to facilitate this transaction may receive compensation from Lender for its services.

**ASSUMPTION:** Someone buying the Manufactured Home may not be allowed to assume the remainder of the Borrower's obligations under this Note on the original terms.

**ASSIGNMENT:** Lender may assign this Note to any person or entity. All rights granted to Lender under this Note shall apply to any assignee of this Note.

**WAIVER AND MODIFICATION:** Lender's waiver of any default shall not constitute a waiver of any other default. The procurement of required property insurance, or the payment of taxes, or other liens, or other charges, by Lender shall not be a waiver of Lender's right to accelerate the maturity of this Note and declare default herein. To the extent permitted by law, Borrower agrees to give up Borrower's rights to require Lender to do certain things. Borrower does not give up any rights that are provided in this Note. Unless the law or this Note provides otherwise, Lender is not required to: (1) demand payment of amounts due; (2) give notice that amounts due have not been paid, or have not been paid in the appropriate amount, time, or manner; or, (3) give notice that Lender intends to make, or is making, this Note immediately due.

**WARRANTIES:** LENDER MAKES NO WARRANTIES ON THE MANUFACTURED HOME, AND EXPRESSLY EXCLUDES ANY EXPRESS OR IMPLIED WARRANTY, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE, UNLESS GIVEN TO BORROWER BY LENDER IN WRITING AT THE TIME OF SALE. BORROWER AGREES THAT THE YEAR OF THE MANUFACTURED HOME IS FOR IDENTIFICATION PURPOSES ONLY AND MAY NOT BE THE BASIS FOR A WARRANTY OR OTHER CLAIM AGAINST LENDER. THE ABOVE DISCLAIMERS DO NOT AFFECT ANY WARRANTIES COVERING THE MANUFACTURED HOME THAT MAY BE PROVIDED BY THE MANUFACTURER, OTHER THIRD PARTIES, OR THAT ARE REQUIRED BY LAW.

**VALIDITY AND EFFECTIVENESS:** Wherever possible each provision of this Note shall be interpreted in such a manner as to be effective and valid under applicable law. If any provision of this Note is prohibited by or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity, however, the remainder of such provision or the remaining provisions of this Note shall not be invalidated. This Note shall be governed both as to issues of formation and performance by the laws of the State of California and applicable federal law. This Note shall have no effect until and unless signed by Borrower and Lender. Lender does not intend to charge or collect any interest, charge, or fee greater than the law allows. If Lender charges or collects any amount greater than what the law allows, Lender will apply the excess to the Loan Amount and any other amounts due under the Note and shall refund any excess. Lender will treat any amount applied to the Loan Amount as a partial Prepayment.

**ENTIRE AGREEMENT:** This Note, any separate escrow agreement, and any mortgage or deed of trust, together, the "Entire Agreement Documents," shall constitute the entire agreement between Borrower and Lender. To the extent permitted by applicable law, Borrower agrees that no representations, oral or written, have been made to Borrower to induce Borrower to enter into the Entire Agreement Documents, except as set forth therein.

Borrower's Initials _____   Co-Borrower's Initials _____

**GUARANTY:** Any Co-Signer signing the guaranty of this Note agrees that all amounts owed under this Note will be paid when due. Co-Signer's obligation continues even if Borrower is released or if Lender waives or delays enforcement of any rights under this Note. Lender need not give Co-Signer notice of any such waiver, delay or release. See Notice to Co-Signer before signing this guaranty.

THIS SPACE LEFT INTENTIONALLY BLANK

Borrower's Initials _____    Co-Borrower's Initials _____

**TO CONTACT 21ST MORTGAGE CORPORATION ABOUT THIS ACCOUNT CALL (865) 523-2120 OR 1-800-955-0021.**

## NOTICE TO THE CONSUMER

(1) DO NOT SIGN THIS NOTE BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES; (2) YOU ARE ENTITLED TO AN EXACT COPY OF THE NOTE YOU SIGN. KEEP IT TO PROTECT YOUR LEGAL RIGHTS; (3) BY SIGNING THIS NOTE, YOU ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF THIS NOTE; AND, (4) AT ANY TIME, YOU HAVE THE RIGHT TO PAY IN ADVANCE THE LOAN AMOUNT DUE UNDER THIS NOTE WITHOUT PENALTY.

SIGNATURE OF BORROWER(S): "Borrower" refers to all persons who sign this Note as "Borrower" and "Co-Borrower", jointly and severally. Borrower's signature(s) below indicates the following: 1) Borrower has fully and completely read all of this Note; 2) Borrower has consulted independent legal counsel to clarify any matters, if Borrower deemed such was necessary; 3) Borrower has no questions regarding any matters contained in this Note and understands all terms, conditions and obligations set forth in this Note; and, 4) Borrower agrees to fully satisfy and abide by all terms, conditions and obligations set forth in this Note.

CAUTION - IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

X _____    5/10/2022       X _____    5/10/2022
Kristopher Leevan Over          Date              Ana Raquel Vanover          Date

NOT VALID UNLESS ACCEPTED BY LENDER: _____

21ST MORTGAGE CORPORATION

By: _____    5/11/2022
Printed Name    Title    Date

Initialing below is not necessary. Borrower(s) should sign above.

Borrower's Initials _____    Co-Borrower's Initials _____

# EXHIBIT "2"

## CERTIFICATE OF TITLE

Manufactured Home

**Decal:** LAZ6564

| Manufacturer ID/Name | | Trade Name | Model | | DOM | DFS | RY |
|---|---|---|---|---|---|---|---|
| 920239 CHAMPION HOME BUILDERS COMPANY | | INFINITY | IL8092 | | 05/14/1998 | 04/05/1999 | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued |
|---|---|---|---|---|---|
| 09988099544A | TRA405059 | 23,124 | 60' | 11' 8" | Jan 20, 2023 |
| 09988099544B | TRA405060 | 21,578 | 60' | 11' 8" | |

### Addressee

21ST MORTGAGE CORP
620 MARKET ST SUITE 100
KNOXVILLE, TN 37902

### Registered Owner(s)

KRISTOPHER L OVER
ANA RAQUEL VANOVER
Community Property with Right of Survivorship
19127 PIONEER BLVD SPACE 7
ARTESIA, CA 90701

### Situs Address

19127 PIONEER BLVD SPACE 7
ARTESIA, CA 90701

### Legal Owner(s)

21ST MORTGAGE CORP
620 MARKET ST SUITE 100
KNOXVILLE, TN 37902

Lien Perfected On:    05/19/22 22:08:00

**IMPORTANT**
**THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT. THE CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.**

DTN: 12755913

EXHIBIT "2"

01202023 - 2

EXHIBIT "3"

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Kristopher** | **Lee** | **VanOver** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Ana** | **Raquel** | **VanOver** |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:     **Central District of California**

Case number (if known): _____

☐ Check if this is an amended filing

## Official Form 108

# Statement of Intention for Individuals Filing Under Chapter 7     12/15

If you are an individual filing under chapter 7, you must fill out this form if:
- creditors have claims secured by your property, or
- you have leased personal property and the lease has not expired.

You must file this form with the court within 30 days after you file your bankruptcy petition or by the date set for the meeting of creditors, whichever is earlier, unless the court extends the time for cause. You must also send copies to the creditors and lessors you list on the form.

If two married people are filing together in a joint case, both are equally responsible for supplying correct information. Both debtors must sign and date the form.

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known).

### Part 1:   List Your Creditors Who Have Secured Claims

1. For any creditors that you listed in Part 1 of *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D), fill in the information below.

| Identify the creditor and the property that is collateral | What do you intend to do with the property that secures a debt? | Did you claim the property as exempt on Schedule C? |
|---|---|---|
| Creditor's name: **21st Mortgage Corporation**<br><br>Description of property securing debt: **19127 Pioneer Blvd Spc 7 Artesia, CA 90701-6706** | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>☐ Retain the property and enter into a *Reaffirmation Agreement*.<br>☑ Retain the property and [explain]: **Continue making payments** | ☐ No<br>☑ Yes |

EXHIBIT "3"

# EXHIBIT "4"

Fill in this information to identify your case and this filing:

| Debtor 1 | **Kristopher** | **Lee** | **VanOver** |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2<br>(Spouse, if filing) | **Ana** | **Raquel** | **VanOver** |
| | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **Central** District of **California**

Case number

☐ Check if this is an
amended filing

Official Form 106A/B

# Schedule A/B: Property                                    12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

   ☐ No. Go to Part 2.
   ☑ Yes. Where is the property?

   **1.1**   **19127 Pioneer Blvd Spc 7**
   Street address, if available, or other
   description

   **Artesia, CA 90701-6706**
   City          State      ZIP Code

   **Los Angeles**
   County

   **What is the property?** Check all that apply.

   ☐ Single-family home
   ☐ Duplex or multi-unit building
   ☐ Condominium or cooperative
   ☑ Manufactured or mobile home
   ☐ Land
   ☐ Investment property
   ☐ Timeshare
   ☐ Other _____

   **Who has an interest in the property?** Check one.

   ☑ Debtor 1 only
   ☐ Debtor 2 only
   ☐ Debtor 1 and Debtor 2 only
   ☐ At least one of the debtors and another

   Other information you wish to add about this item, such as local
   property identification number: _____

   Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

   | Current value of the entire property? | Current value of the portion you own? |
   |---|---|
   | $250,000.00 | $250,000.00 |

   Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

   **Fee Simple**

   ☑ Check if this is community property
   (see instructions)

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages
   you have attached for Part 1. Write that number here ..................................................→    | $250,000.00 |

## Part 2:    Describe Your Vehicles

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles

   ☐ No
   ☑ Yes

EXHIBIT "4"

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

5120 E. La Palma Avenue, #209, Anaheim, CA  92807

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (PERSONAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 08/20/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Debtors Attorney: Benjamin Heston - bhestonecf@gmail.com
Chapter 7 Trustee: John P. Pringle -  jpringle@rpmlaw.com
U.S. Trustee: ustregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 08/20/2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor - Kristopher Lee VanOver and Ana Raquel VanOver - 19127 Pioneer Blvd Sp# 7, Artesia, CA 90701

The Honorable Sheri Bluebond - U.S. Bankruptcy Court - 255 E. Temple St, Suite 1534, Los Angeles, CA 90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 08/20/2025 | Hope Upham | /s/ Hope Upham |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.